IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REBECCA S. TUCKER                                                                                   PLAINTIFF

V.                                              NO. 13-5240

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rebecca S. Tucker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on October 26, 2010, alleging an inability to work since October 23, 2010, due to a bulging disc in her back, "Other spinal complications," glaucoma, and personality disorders. (Tr. 115-116, 117-122, 133, 137). An administrative hearing was held on April 19, 2012, at which Plaintiff represented herself, and

testified. (Tr. 25-43).

By written decision dated July 9, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the lumbar spine, degenerative joint disease, obesity, and chronic obstructive pulmonary disease (COPD). (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to work involving simple tasks, simple instructions, and only incidental contact with supervisors, co-workers, and the general public.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but there were other jobs Plaintiff could perform, such as cleaner/housekeeper/maid and package mail sorter/routing clerk. (Tr. 19).

Plaintiff requested a review of the hearing decision by the Appeals Council, which denied that request on August 20, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation

AO72A
(Rev. 8/82)

process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred by not finding Plaintiff's carpal tunnel syndrome was severe; 2) The ALJ erred by failing to fully and fairly develop the record; 3) The ALJ erred by failing to consider all of Plaintiff's impairments, both individually and in combination; and 4) The ALJ erred in his RFC determination. (Doc. 14).

#### A. Severe Impairment:

Plaintiff argues that her carpal tunnel syndrome is a severe impairment. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard.

Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

The Court has reviewed the entire transcript and believes there is substantial evidence to support the ALJ's decision that Plaintiff's carpal tunnel syndrome is non-severe. The Court first notes that in his November 16, 2009 Psychological Evaluation, Martin T. Faitak, Ph.D., reported that Plaintiff's most recent work was at Little Caesar's, where she worked until May of 2009. (Tr. 190). In addition, the only reason given for leaving Little Caesar's was because Plaintiff was eight months pregnant and had a car accident. (Tr. 190). Dr. Faitak also reported that Plaintiff was not taking any medication in his November 16, 2009 report, and that Plaintiff reported she occupied herself during the day by taking care of her children and "playing computer games." (Tr. 190).

At the hearing, Plaintiff testified that she was fired from Walmart around October of 2010, and received unemployment benefits thereafter for nine months. (Tr. 33). At no time did Plaintiff mention that carpal tunnel syndrome was a problem at those times. Her carpal tunnel syndrome was thus not preventing her from playing on the computer all day long. Even in her Function Report - Adult - dated November 15, 2010, Plaintiff reported that she used the computer/internet all day. (Tr. 155). Also at the hearing, when asked what kept her from working, Plaintiff did not mention having issues with carpal tunnel syndrome, and instead stated that she had "real bad anxiety," and "have a hard time dealing with a lot of people and the general public, and then I have my back, " and that she had some joint pain in her knees, hips, and back. (Tr. 35).

The Court recognizes that on December 16, 2010, Dr. C.R. Magness conducted a General Physical Examination and found Plaintiff to have 60% normal grip in her right hand and 50%

-5-

normal grip in her left hand. (Tr. 216). He also found she had bilateral carpal tunnel syndrome, and that she had severe limitations in her ability to lift and carry; moderate to severe limitations in her ability to handle, and moderate limitations in her ability to walk and stand. (Tr. 217). The Court also recognizes that non-examining consultant Dr. Julius Petty, in his Physical RFC Assessment, concluded that Plaintiff could perform sedentary work with push and/or pull limitations in her upper extremities. (Tr. 219). However, there is no indication that Plaintiff sought any treatment for her CTS, and the ALJ found that the limitations assessed by Dr. Magness appeared to be excessive in part and not supported by the evidence of record or the Plaintiff's own testimony. (Tr. 18). He noted that Plaintiff testified that she could carry a 20 pound bag of groceries, which is inconsistent with a "severe" limitation to lift/carry. (Tr. 18). The ALJ also considered the opinions of the state agency medical consultants, and concurred with the limitation of Plaintiff to unskilled work, but based upon the evidence as a whole, the ALJ did not find that the objective medical evidence supported a limitation to sedentary work. (Tr. 18). The ALJ concluded:

> In sum, although the claimant has difficulties due to her impairments, the undersigned is not persuaded that she is totally disabled and unable to perform work at a level consistent with the above residual functional capacity. It is noted that the claimant has a two-year-old that she cares for as well as home schooling two of her other children, indicating a relatively active lifestyle

.

> She has no regular doctor and takes no medication other than over-the-counter medication. Additionally, there are no ER visits for exacerbation of symptoms. The absence of regular and continuing medical treatment and/or use of prescription medication during a claimed period of disability is inconsistent with an allegation of severe and disabling symptoms. Further, the claimant's earning record indicates that she drew unemployment benefits in the 4th quarter of 2010 and the 1st and 2nd quarters of 2011. In order to qualify for unemployment compensation, an individual must be ready, willing, and able to work and actively seeking

employment.

(Tr. 19).

The Court finds, based upon the foregoing and the record as a whole, as well as the reasons given in Defendant's well-stated brief, that there is substantial evidence to support the ALJ's severe impairment findings.

### B.     Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ failed to fully develop the record regarding Plaintiff's wrist pain and carpal tunnel diagnosis. The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press her case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-

case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

At the hearing in this case before the ALJ, the ALJ specifically asked Plaintiff where she experienced joint pain, to which Plaintiff replied in her knees, hips, and back. (Tr. 35). She did not mention her wrists or hands. In addition, Plaintiff reported in her Function Report - Adult - dated November 15, 2010, that she had no problem with personal care, and she played on the computer/internet "all day." (Tr. 153, 156). Furthermore, Plaintiff did not list carpal tunnel syndrome as a condition that limited her ability to work (Tr. 137), which is significant. Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001). Finally, Plaintiff does not have a treating physician and is not on any medications.

Based upon the foregoing, the Court finds that the record was sufficient for the ALJ to make a determination regarding Plaintiff's carpal tunnel syndrome, and Plaintiff's argument in this regard is without merit.

### C.    Failure to Consider Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 12). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr.12). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 12). The ALJ

concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 14). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments individually, and in combination.

### D.   RFC Determination:

Plaintiff argues that the ALJ failed to properly weigh the findings and opinions of Dr. C.R. Magness and non-examining consultant, Dr. Julius Petty. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, Dr. Magness, a one time examiner, found that Plaintiff had 60% normal grip

in her right hand and 50% normal grip in her left hand. (Tr. 216). He diagnosed Plaintiff with personality disorder/depression; COPD; Lumbar DJD/DDD L5-S1 - BLE radiculopathy; and bilateral Carpal Tunnel syndrome. (Tr. 217). He concluded that Plaintiff had severe limitations in her ability to lift and carry; moderate to severe limitations in her ability to handle; and moderate limitations in her ability to walk and stand. (Tr. 217). In his Physical RFC Assessment, Dr. Julius Petty found that Plaintiff could perform sedentary work, and was limited in her ability to push and/or pull with her upper extremities (avoid repetitive flexion/extension of bilateral wrist. (Tr. 219).

In his decision, the ALJ concluded that the limitations assessed by Dr. Magness appeared to be excessive in part and not supported by the evidence of record or the Plaintiff's own testimony, and gave his assessment "some weight" in so far as it was consistent with his RFC. (Tr. 18). With respect to Dr. Petty's assessment, the ALJ concurred with the limitation of claimant to unskilled work, but based upon the evidence of record as a whole, "including information received at the hearing level and testimony at the hearing," he did not find that the objective medical evidence supported a limitation to sedentary work. (Tr. 18).

The Court finds, based upon the foregoing and the record as a whole, that there is substantial evidence to support the ALJ's RFC finding and the weight he gave to the physicians' opinions.

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that Plaintiff's Complaint should be

dismissed with prejudice.

DATED this 21st day of October, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)